Andrew Schwartz, appearing on behalf of the appellant. Jeffrey Miller. Good morning. Thank you. You can say a couple of words, and then I have a whole lot of questions for you, since you don't have a long time that I want to ask you. But do you want to say a couple of words before I interrupt you? You can start. You can ask me the questions. Well, here's my issues in terms of that. In the court initially granting the summary judgment, included in the summary judgment, it would be the moving party for the summary judgment, who would be the appellee here, had listed as evidence the ALJ's findings. Then you didn't file a motion for reconsideration, correct? Correct. All right. And then later, what you did file that was late, still only included the ALJ's findings. Never any actual excerpts from the record of the EEOC hearing that the ALJ relied on, correct? Correct. All right. So it would seem to me that the ALJ's findings would have to be evidence for you to prevail. And why are the ALJ's findings evidence? In terms of it's just one other person's view, actual evidence, if there had been a motion to strike, I believe that the court would have stricken those, because it's just essentially, it's someone else's opinion of the record as opposed to the actual record. And now arguably, if I would make the best argument for you, I could say, well, there wasn't any motion to strike or wasn't any of that. And so since the appellees introduced that as evidence, then the court had to consider it. That would have been enough to deny the summary judgment. But on the other hand, maybe the judge looked at it and said, hey, this isn't evidence. This is just someone else's view of it. And so I'm not going to consider that. And then you have nothing in the record. And then you still later had nothing in the record. So why didn't you ever come up with anything more? Well, I did submit testimony from the transcript, this deposition, about what took place. When did you do that? Well, here I did that. There I didn't. Well, we're stuck with what happened there. What do we do about the fact that when it came time for summary judgment, that wasn't in front of the judge? No, no. I agree with you on that. At that time, unfortunately, I didn't follow timely. I was sick. I had bronchitis. But then even when you did file something, it still didn't have that part. I agree. I did whatever I could at that particular time. And I was ready to submit more evidence, but I didn't have a chance to do that. I got the decision back. Well, a simple request for an extension of time would have alleviated this whole situation. I completely agree with you. But I just was sick. I didn't think clearly. I thought I would get it done, and it didn't happen. So what exactly, what error, and I'm sympathetic to your situation, but, I mean, what error do we attach to what the district judge did? What did he do that was wrong? Well, I don't think that it should have entered a judgment for the defendant because he had to try her fact that heard the evidence and ruled for the appellant. And on appeal, the same thing happened. The agency also accepted the decision there. In their final agency decision, issued the checks. Do you have any case? Are you saying that that finding is, that the finding itself is evidence? Well, okay. That's more of the background. I mean, I know the case is de novo, but I think the deference should be given to that kind of decision where somebody heard the testimony and ruled that way and. . . Well, if it's de novo, then it's not deference. I mean, it's either. . . I understand. So then what do we do about it? We have to either say it's evidence or it's nothing. It's irrelevant. I mean, it's either admissible and he can consider it. I would say consider it as at least there's a tribal issue with that, too. Is there a case that says that, that it's evidence? I don't know of any case like that. It would seem to me your strongest argument would be is that the moving party for summary judgment, the appellee, submitted it as evidence. So we don't know whether the judge, if the judge did consider it was evidence, then probably there was some, there was, it wouldn't have been sufficient, but the judge could have also, but we don't know because the judge didn't say much of anything. The judge just said I've considered everything and I'm granting summary judgment. So did the judge strike that as hearsay and a conclusion of, you know, because it's not actually evidence from the EEOC. It's someone's conclusion about what, about pretext. Well, I would have expected a written decision that would have taken care of the issues there. Normally you get that, and we didn't have that. That's why. Well, I'm sort of more bothered by the fact when you finally did file something that you didn't file those actual excerpts of record from the EEOC that would have shown, because, you know, I am inclined to think that there probably was something in the record that would get you past summary judgment, but it's got to be there somewhere in the papers. And it did seem a little, you know, I'm not sure had I been the judge that, you know, I would probably have been inclined to, you know, grant someone a continuance or whatever, but of course the judge wasn't confronted with being asked for one. And then when you finally did file something, it wasn't everything from the record. That's correct. Like I said, I had enough trouble just getting it done. It was filed the same day the decision was entered. I had more things ready to go. I didn't have a chance to do that. But why didn't you file a motion for reconsideration and say, had you given me an opportunity, this is what, you know, what, you know, I would have shown? I didn't do that. Let me ask you another question. The ALJ awarded your guy, what, about $4,000? Yes. Is there any chance that that's still, you can settle it with them for something like that with the mediation service here help, or is that just water under the dam? Well, the key issue for him, the reason we're all here, is the constructive discharge issue. That's what he wanted added. I mean, the agency made a very satisfactory, I thought, offer. Well, the problem with a constructive discharge is that he wasn't allowed to add it there as being untimely, and we're clearly stuck with law to the extent that you've got to exhaust. It's not exhausted. I agree. So how would, you know. Again, that's the only reason we're here. We went through mediation before, a very fair offer was made, and he was adamant that he wanted the constructive discharge issue added. I mean, I was ready to settle. I thought it was a very fair offer the agency made. Okay. Did you want to save some time for rebuttal, Mr. Schwartz, or anything else you want to say? You've answered my question, so use your time as you see fit. Well, I think these are the issues that I was more concerned about. And as the constructive discharge issue, under the EELC rules, he should have been allowed to have a submitted motion to have it amended, and he wasn't given that opportunity to do that. I think I'll save some time for rebuttal. Good. Thank you very much. Good morning. Good morning. Good morning, Your Honors. I'm Alarise Medrano, assistant U.S. attorney. Since we're focused, you know, what's fair for the goose is good for the gander. I'd like you to answer the question in terms of your motion for summary judgment includes as evidence the ALJ's findings. So, I mean, the general proposition is when something's submitted to evidence and there's no objection, then it's considered to be evidence. And even if it would otherwise not be, you submitted it as evidence. So the district court had included in the record what the ALJ's findings were, which also has some sites to the record, the hearing. Why isn't that enough to defeat summary judgment since it was, you acknowledged it was evidence, you called it evidence, there was no objection to it, so why then didn't that become evidence? Perhaps I should explain my purpose in attaching it to our evidence was not for the truth of what was stated in the ALJ's decision, but because Miller had created some confusion about which claims were exhausted, which were in, which were out. There were originally 11. We're now down to six. But is that clear from the papers? It seems to me it was just attached as evidence. Well, there was a discussion about what is still in, and I went through the claims one by one and tried to narrow it down to what was still before the court. So my purpose in using it was to show what was dismissed, what was abandoned, not for the truth of it. And if you look at the ALJ's decision, it goes for pages without any sites to authority. There's an occasional reference to an exhibit number, but the exhibit's not attached to it. Did you call it evidence, though? Did you submit it under the evidence part? Did you call it evidence? It was attached as part of the evidence in support of our motion. Okay. But how did you use it? Did you use it just to show the historical background of the case? Yes, just to show the procedure in the administrative court, what was in, what was out, what we were still talking about today, what had not been exhausted. For example, constructive discharge. That was the big issue. Well, I think, I don't know, from my perspective, I can't speak for others, but it would seem that that wasn't exhausted. I don't see how we can do otherwise. I believe it was not. The thornier question for me is whether, if you submitted that as evidence, whether that would be sufficient to defeat the summary judgment on the other, on the issues of retaliation. I don't believe it is, because the burden is still on Miller to come forward with some affirmative evidence. And all he submitted, even before this Court, is a few pages of his deposition transcript. That wasn't at the district court. In his, so I'm not, that can't be part of it. But in the late response, was there any actual testimony in the late response? There were very few references to his deposition transcript. But those do not even rescue him from the ground of summary judgment in this case. For example, on the issue of calling in sick, he claims that he was not aware of anyone else being disciplined for the same type of infraction, and he cites to a page in his deposition transcript. However, if you look at that page from the transcript, it's at excerpts of Record 22, he admits that he did become aware of someone. So what's the issue there? There is none. Similar types of throw-in pieces of information were included with a cite to his declaration. And in no case did the declaration support that or create anything near a material issue of fact that would have defeated summary judgment. So if the Court ---- How do we know whether the, do, did, how do we know how the district court viewed that ALJ's decision? Well, I'm not ---- Did the ALJ consider it evidence? And if the ALJ considered it evidence, would summary judgment be appropriate? There's no indication one way or the other. But I do believe that if the judge had looked at it in detail, and we have to assume that she did, she would also recognize that there are long pieces of statements from the ALJ without any reference to a record, a piece of evidence, testimony, anything. They're sort of broad, general conclusions. And in Title VII, that's not what is going to be, that's not going to satisfy a denial of summary judgment. Miller had to come forward with some sort, he didn't even submit a declaration, which could have easily been done at the district court level. That was not done. And as I said, the references to his deposition testimony didn't support the evidence that he used them for. He didn't cite to a single piece of evidence. In fact, he adopted wholeheartedly the statement of facts set forth in my papers. He references it throughout the statement of facts in his opposition, late-filed opposition. He adopts even, you know, my conclusion that there was no constructive discharging here. It's just a wholehearted adoption of our statement of facts. He didn't contest a single fact. Is there any case law, to your knowledge, about when an ALJ's findings are submitted as evidence, whether that's admissible, what it's admissible for, is it entitled to any weight, or do you have any authority on that, or what would be your position? I do not. It's an interesting question, but we have to remember that in this case, Miller brought to the district court all of the ALJ's decisions. This isn't an enforcement action where he was just asking the district court to enforce the decision of the ALJ. He opened up the discussion to all parts of the ALJ's decision on claims that he won, on claims that he lost, on the scope of the review, on claims that were not heard. So here, we really do have a case of de novo review before the courts. In other words, he didn't accept the findings and embrace it as evidence. He was attacking it. That's right. He attacked every portion of the ALJ's decision. So if the Court has no other questions, the government would submit on the briefs and ask that the Court affirm summary judgment in this case. Thank you, Ms. Medrano. Thank you. Mr. Schwartz, you had a couple of minutes left, if you care to use them. I had another case here before, the Ninth Circuit, Martinez, and we submitted the ALJ's decision. And nobody questioned that as a bit of evidence or anything else. That's why I was wondering. But her point is not only did you not submit it, that you rejected it. That's the difference between what happened here and what you're saying happened in this other case. No, it was the same situation. You didn't respond to a motion for summary judgment there? No, I did. I responded to the motion for summary judgment, and the judgment had been against me. And it had been submitted also as part of the evidence and hadn't been questioned by the Court. But in this situation, basically, again, like I said, his interest was in getting some more money. Also, the other thing is, besides the judge's decision, the Office of Federal Operations, which is the appeal level of the EEOC, also considered the issues and rendered the same decision. So that's what we were appealing from, not the judge's decision. Right. But he never won down there, even on the constructed discharge. He never prevailed on that. No, no. I agree, but everything else was affirmed. That's what we were appealing from, not the judge's decision. So there's a distinction. Okay. I guess that's it. Mr. Jones, did you have a hand? Thank you. Thank you, Mr. Schwartz. Mr. Drano, thank you as well for the case. This argument is submitted. We'll stand in recess.
judges: Silverman, Callahan, Mills